UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| RON MILLER, ) | |
| ) | |
| Plaintiff, ) | Case No. 5:22-cv-00208-GFVT-MAS |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ALCO MANAGEMENT, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on a Recommended Disposition filed by United States Magistrate Judge Matthew Stinnett. [R. 88.] The parties were given fourteen days to object to Judge Stinnett's Recommendation, and the plaintiff has filed objections. *Id.* The Defendants have filed a Response to the Objections.[1] [R.92.] For the reasons that follow, the Court will **OVERRULE** the plaintiff's objections and **ADOPT** Judge Stinnett's recommendation.

**I**

Plaintiff Ron Miller filed a *pro se* complaint stemming from problems arising from his tenancy at a residential apartment complex, Southern Oaks. [R. 1.] Mr. Miller filed suit against eleven named defendants. In his Report and Recommendation, Judge Stinnett aptly divided the defendants into three groups. *Id.* at 1. The first group includes "Alco Management, Inc. ("Alco

---

[1] The Court notes that neither the Local Rules nor the Federal Rule of Civil Procedure 72 contemplate the filing of a Reply to a Response to objections to a Report and Recommendation. To do so, the Plaintiff would have to seek leave of the Court. *See Davis v. Jordan*, 2020 WL 534524, No. 16-114-DLB-CJS, at \*1 (E.D. Ky. Feb. 3, 2020) ("Davis having replied [to the R&R] *after securing permission of the Court to do so* . . . .") (emphasis added). As such, and based on the record in this case, the Court finds that allowing a Reply, if the Plaintiff were to request one, would be futile. The Plaintiff has had ample opportunity to respond to the Defendants, both in his numerous motions as well as his lengthy objection to the R&R.

Management"), Alco Fairfax Partners, LLLP ("Alco Partners"), Alco Properties, Inc. ("Alco Properties"), Frank Z. Jemison ("Jemison"), Robert D. Hyde ("Hyde"), Beth Stolts ("Stolts"), and Cindy Gullet ("Gullet") (collectively, "Alco Defendants"), against whom Miller alleges Counts I–VIII. The second group includes the City of Georgetown ("the City") and Georgetown Police Department ("GPD") Detective Lewis Crump ("Detective Crump") (collectively, "Georgetown Defendants"), against whom Miller alleges Counts VIII and IX.  Finally, Miller brings a claim against his former neighbor Judy Devers ("Devers"), against whom he alleges Counts VIII and X." *Id.*

The procedural history of this case is lengthy.  Both Alco Defendants and Georgetown Defendants filed motions to dismiss the First Amendment Complaint.  [R. 29; R. 30.]  Defendant Devers has not filed an Answer but has been served with a copy of the First Amended Complaint.  [R. 15.]  Mr. Miller subsequently filed a Second Amended Complaint [R. 65] and a Motion to File a Sur-reply [R. 75].  Last, Mr. Miller filed two motions for leave to file supplemental complaints.  [R. 77; R. 87.]

## II

In order to receive *de novo* review by this Court, any objection to the recommended disposition must be specific.  *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986).  A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic."  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007).  A general objection that fails to identify specific factual or legal issues from the recommendation, however, is not permitted, since it duplicates the Magistrate's efforts and wastes judicial economy.  *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).  The Plaintiff objected to

2

Judge Stinnett's Report and Recommendation on March 11, 2024.  [R. 91.]  Due to the numerous objections raised by the Plaintiff, the Court will address each in turn.

### A

Mr. Miller has a section of his objections labeled "General Objections."  [R. 91 at 2.]  First, Miller objects to Judge Stinnett's "disregard of the Sixth Circuit ruling."  *Id.*  The Sixth Circuit remanded pursuant to Federal Rule of Civil Procedure 8 [R. 9], but Mr. Miller's Complaint is now being challenged under Federal Rule of Civil Procedure 12(b)(6).  These are two entirely different rules, and because the Magistrate Judge is issuing a Report and Recommendation with respect to a Rule 12(b)(6) motion, this does not necessitate consideration of the Sixth Circuit's opinion, as that opinion concerned Rule 8.  Besides the fact that Mr. Miller misunderstands the Sixth Circuit ruling, he fails to make a specific objection with respect to how this alleged omittance is relevant to the current pending motions.

Second, Miller objects to Judge Stinnett's alleged "exclusion of key elements to Miller's Complaint."  [R. 91 at 3.]  Miller notes various facts that Judge Stinnet excluded in his Report and Recommendation, but Miller fails to explain how these omitted facts affect, if at all, the recommended disposition. As such, his objections are too general and are overruled.  Finally, Miller objects to Judge Stinnett's "erroneous representation of facts with regard to Miller's interactions with Crump."  [R. 91 at 3.]  For the same reason, this objection is overruled as he fails to explain the effect these alleged "erroneous misrepresentations" have on the recommended disposition.  As such, the General Objection section is overruled for lack of specificity.

### B

Next, Judge Stinnett properly construed the Plaintiff's two Motions for Leave to File Supplemental Complaint to be Motions for Leave to File an Amended Complaint.  [R. 88 at 14.]

Although Miller objects to the Magistrate Judge's findings, this objection is not well taken. Mr. Miller cites a case in which our sister court allowed supplements where there was a newly published opinion that affected one of the cited cases in their briefing. *See McClurg v. Dall. Jones Enters.*, 2023 WL 8604177, No. 4:20-cv-201-RGJ, at *3-4 (W.D. Ky. Dec. 12, 2023). There is no evidence that Mr. Miller is seeking to supplement based on newly published case law.

Not only is this cited case inapplicable to Miller's request, but Miller also fails to address whether his requested supplements occurred *after* the date of the pleading. In his Motion to File a Supplemental Complaint [R. 77], Miller seeks to supplement his proposed Second Amended Complaint [R. 65]. Federal Rule of Civil Procedure 15 governs Amended Complaints. As a requirement of Rule 15, the amended complaint must allege additional events arising *after* the date of the pleading to be supplemented. Fed. R. Civ. P. 15(d). Judge Stinnett found that "[n]either of Miller's motions provide complaints with claims that occurred after the initiation of this lawsuit." [R. 88 at 15.] Despite Miller's argument that his Motion to Supplement "concerns an 'event that happened after the date of the pleading,'" he provides no proof to support this assertion. [R. 91 at 5.] Therefore, Miller's Motion for Leave to File a Supplemental Complaint [R. 77] is construed as a Motion to File an Amended Complaint.

Next, to ensure the parties are on the same page, the Court briefly summarizes where this case stands with respect to the pending motions. First, because the amended pleading at [R. 77-2] supersedes the others, the Court denies the Motion for Leave to File a Second Amended Complaint [R. 65] and Motion for Leave to File Supplemental Complaint to First Amended Complaint [R. 87] as moot. Further, because Miller's Motion for Leave to File a Second Amended Complaint [R. 65] is denied as moot, Miller's Motion for Leave to File a Sur-

4

Reply in support of his Second Amended Complaint [R. 75] is also denied as moot.  Finally, the Motion for Leave to File Supplemental Complaint [R. 77] will hereinafter be referred to as the "Motion for Leave to File Third Amended Complaint."

## C

Second, turning the Third Amended Complaint [R. 77-2], Judge Stinnett found the Motion for Leave to File a Third Amended Complaint futile.  [R. 88 at 17.]  Judge Stinnett concluded that "all of the claims asserted in the Third Amended Complaint fail to state a claim upon which relief can be granted."  [R. 88 at 34.]  The Court agrees with Judge Stinnett's assessment.  Even if the Third Amended Complaint was accepted by this Court has the operative pleading, it would not withstand dismissal under 12(b)(6) for the foregoing reasons.  As such, allowing such amendments would be futile.  Nonetheless, based on the Plaintiff's numerous objections, the Court handles each count in turn.

### 1

Count One alleges fraudulent misrepresentation against Defendants Hall, Stolts, Jemison, and Hyde, as well as Alco Partners, Alco Management, Alco Properties, KY23 under respondeat superior.  [R. 77-2 at 29.]  With respect to Count One, Miller objects to Judge Stinnett's conclusion that "Miller did not plead facts sufficient to show that he had been induced to sign the contract."  [R. 91 at 6.]  Mr. Miller noted that he "disagrees and therefore, objects." *Id.*  However, just because Mr. Miller disagrees with Judge Stinnett's conclusion does not mean that Judge Stinnett's conclusion was erroneous.

Judge Stinnett concluded that "Miller does not plead facts that plausibly demonstrate that Hall induced Miller to act."  [R. 88 at 21.]  Miller objects, arguing that Judge Stinnett's analysis "should have begun with McLaughlin who was the first person with whom Miller spoke."  [R. 91

at 6.] Miller's Third Amended Complaint fails to mention McLaughlin as a party to Count I. If Mr. Miller wanted to sue McLaughlin, he could have included McLaughlin in the Third Amended Complaint. His failure to do so does not provide grounds for a viable objection. Further, Mr. Miller fails to detail the difference it would make if Judge Stinnett's analysis began with McLaughlin. When assessing the sufficiency of the Complaint under Rule 12(b)(6), the Court is confined to the four corners of the Complaint. *See Waskul v. Washtenaw Cnty. Cmty. Mental Health*, 979 F.3d 426, 440 (6th Cir. 2020). Because Miller's objections lack the requisite specificity, Mr. Miller's objection is overruled.

 Mr. Miller also objects to Judge Stinnett's finding that "Miller was foreclosed from using the doctrine of respondeat superior to assign liability to any of the Alco entities, KY23, Stolts, Hyde, or Jemison." [R. 91 at 9.] Because this Court agrees with Judge Stinnett's recommendation that the fraudulent misrepresentation claims against Hall fail, it logically follows that because Hall is not liable, the Alco Defendants cannot be held liable by way of respondeat superior. Therefore, Miller's objection is overruled.

 Mr. Miller then objects to Judge Stinnett's finding that "Miller has not pled that any other defendants made knowing, false, and material representations relating to the contract." [R. 91 at 10.] However, based on the Third Amended Complaint, the Court agrees with Judge Stinnett that Mr. Miller has pled nothing indicating the other defendants made knowing, false, and material misrepresentations, and it is not the job of the Court to fill in the blanks for the Plaintiff. *Gregory v. Shelby Cnty.*, 220 F.3d 433, 446 (6th Cir. 2000) (noting the Court "need not accept as true legal conclusions or unwarranted factual inferences"). Again because Mr. Miller's objection lacks specificity, it is overruled.

6

**2**

Next, Mr. Miller "objects to the entirety of [Judge] Stinnett's analysis" with respect to Count Two of the Third Amended Complaint. [R. 91 at 11.] Under Count Two, Mr. Miller asserts that his statutory rights were violated under "U.S.C. Titles 24 and 42." [R. 77-2 at 31.] Miller seemingly asserts this claim against several Defendants, including Alco Partners, Alco Properties, KY23, Alco Management, Stolts, Gullet, Burbank, Jemison, and Hyde, under the theory of "respondeat superior for the actions of Alco Management." [R. 77-2 at 31.] As his reasoning, Miller asserts that by "refusing to provide a valid renewal contract, fraudulently alleging that Miller had failed to participate in the recertification process, and for [not] providing Miller the required hearing," the Defendants' violated Mr. Miller's due process rights. [R. 77-2 at 34.]

Perplexingly, in objecting, Miller relies heavily on "Title 26," but "Title 26" is nowhere to be found in his Third Amended Complaint. In deciding whether a Complaint passes 12(b)(6) muster, the Court is confined to the four corners of the Complaint. *Waskul,* 979 F.3d at 440. On the face of the Complaint, Miller fails to provide a legal basis from which relief can be granted. Simply regurgitating statutory code is not enough to pass 12(b)(6) muster. As such, the Plaintiff's objection is overruled.

**3**

With respect to Count III, which alleges breach of contract, Mr. Miller objects to Judge Stinnett's finding that although a contract existed between Miller and Southern Oaks, through its agent Alco Management, a contract did not exist between Miller and the other Alco entities. [R. 91 at 17.] For a breach of contract claim under Kentucky law, the plaintiff must show: "1) existence of a contract; 2) breach of that contract; and 3) damages flowing from the breach of contract." *Metro Louisville/Jefferson Cnty. Gov't v. Abma*, 326 S.W.3d 1, 8 (Ky. Ct. App. 2009).

With respect to the first element, Judge Stinnett found, and this Court agrees, that there was clearly a contract between Miller and Southern Oaks, as indicated by the language of the lease. [R. 88 at 23-24.] However, Mr. Miller has not pled enough to show that the contract binds other Alco entities, such as Alco Partners, Alco Properties, and KY23. Therefore, the claims against other Alco entities necessarily fail on the first element.

Proceeding to the second element, Judge Stinnett acknowledges that if Southern Oaks is a fictious entity as Mr. Miller alleges, "Kentucky law suggests that Alco Management becomes personally bound to the terms of the contract and any breach of that contract" under agency principles. [R. 88 at 24.] Despite this, Miller objects to Judge Stinnett's finding, arguing the finding "disregards substantive evidence that Miller presented showing that Southern Oaks was a fictitious and nonexistent entity." [R. 91 at 17.] However, the fact that Southern Oaks is allegedly fictious is not of issue at this juncture because Miller has failed to show that there was a breach of contract to begin with.

Miller alleges breach of contract on numerous grounds, including pest control, termination of lease, smoking, noise disturbances, and harassment. [R. 91 at 19-27.] The Court agrees with Judge Stinnett's finding that the Miller's "Lease Agreement does not impose any obligations on Southern Oaks to enforce *other* lease agreements." [R. 88 at 26.] Judge Stinnett persuasively illustrates the effect of this finding:

> The lease provides that Southern Oaks is a smoke-free property. It provides that it is a violation of the Community Rules to smoke in any area of the property. It goes on to provide that violation of the smoke-free policy will result in a lease violation, three of which add up to an eviction. This provision does not impose an obligation upon Southern Oaks to enforce the policy on Miller's, or any other tenant's, behalf.

[R. 88 at 26.] Because the majority of Miller's supposed claims of breach were not lease violations, Count III is not actionable under common law breach of contract against either Alco Management or Southern Oaks. Moreover, even if these instances were to be considered lease violations, Miller has still not met his burden. His claims simply regurgitate

8

sections of the Lease Agreement and the HUD Occupancy Guidebook, which is clearly not enough to show breach.  Therefore, Miller's objections to Count III are overruled.

### 4

Next, Miller objects to Judge Stinnett's finding with respect to Counts IV, V, and VIII. [R. 91 at 27.]  The Fair Housing Act (FHA) prohibits discrimination in the sale or rental of housing because of "race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604. Additionally, the FHA makes it illegal to "coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of" a protected individual's sale or rental of housing. 42 U.S.C. § 3517.

In bringing a claim under the FHA, Mr. Miller has two distinct theories.  First, Mr. Miller alleges that Alco Defendants discriminated against him, based on his gender and disabled status, "in the terms, conditions, and privileges of his rental and the services and facilities in connection with his rental" in violation of 42 U.S.C. § 3604.  [R. 77-2 at 43.]  Second, Miller alleges that Detective Crump unlawfully "coerce[d], intimidate[d], threaten[ed] and interfere[d]" with his rights in connection to his rental in violation of 42 U.S.C. § 3617.  [R. 77-2 at 48.]

### a

Miller first objects to Judge Stinnett's "finding that Miller has not pled any facts that Alco Defendants engaged in discriminatory housing practices after he vacated the apartment."  [R. 91 at 27.]  Regardless of the plausibility of Miller's claim, his claim is time barred under the FHA.  The FHA provides that an aggrieved person must commence a civil action "not later than 2 years after the occurrence or the termination of an alleged discriminatory house practice."  42 U.S.C. § 3613(a)(1)(A).  The Court agrees with Judge Stinnett that Mr. Miller's FHA claims against Alco Defendants should be dismissed, or in the alternative is time barred.

The statute of limitation begins running when the claimant has actual or constructive knowledge of the discriminatory practice.  *Tolbert v. Ohio DOT*, 172 F.3d 934, 939 (6th Cir. 1999).

Because the alleged discriminatory housing practices occurred no later than July 24, 2020, which is the date Mr. Miller says he moved out of his apartment, and Mr. Miller's Complaint was not filed until August 11, 2022, more than two years have passed, taking Mr. Miller's claims outside the statute of limitations. Because Mr. Miller has not requested that the statute of limitations be tolled, his FHA claim against Alco Defendants is time barred.

Even if the FHA claim was not time barred, Miller still fails to plead any facts indicating that Alco Defendants engaged in discriminatory housing practices. Nonetheless, Miller objects to Judge Stinnett's finding that Count IV "alleges either disparate impact or disparate treatment," arguing that he instead brought the claim under "42 USC 3604." [R. 91 at 27.] Mr. Miller is once again mistaken. Section 3604 is part of the codification of the FHA. The Sixth Circuit has noted that there are several theories an aggrieved individual can rely on to show a violation of the FHA, including "disparate treatment, disparate impact, failure to make a reasonable accommodation, or failure to permit a reasonable modification." *Hollis v. Chestnut Bend Homeowners Ass'n*, 760 F.3d 531, 538 (6th Cir. 2014). Thus, Mr. Miller's objection is overruled.

b

With respect to Count VIII, Miller alleges that Officer Crump coerced, intimidated, and interfered with Miller's rights by pursuing an investigation premised on Stolts' false and retaliatory accusations, violating 42 U.S.C. § 3617. [R. 77-2 at 48.] "To prevail on a retaliation claim under § 3617, a plaintiff must show either proof of discriminatory animus or proof of disparate impact or effect." *Ali v. Louisville Metro Hous. Auth.*, No. 22-6089, 2023 U.S. App. LEXIS 30001, at *5–6 (6th Cir. Nov. 9, 2023) (citing *Linkletter v. W. & S. Fin. Grp.*, Inc., 851 F.3d 632, 640 (6th Cir. 2017)). Further, "[a] complaint that includes only conclusory allegations of discriminatory intent without supporting factual allegations does not sufficiently show entitlement to relief." *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 613 (6th Cir. 2012).

Mr. Miller makes a variety of objections to Judge Stinnett's factual findings; however, Miller

10

does not show, and the Court cannot decipher, how these objections are relevant to whether Miller has stated a viable claim under 42 U.S.C. § 3617. [R. 91 at 33-34.] For example, Miller objects to Judge Stinnett's finding that there was an ongoing investigation, even though Miller stated that there was on ongoing investigation in his Third Amended Complaint. [See R. 77-2 at 51 ("What had started out as an investigation for harassment had now developed into an investigation for impersonation of a federal agent.")]. Thus, this objection is overruled. Further, Miller objects to Judge Stinnett's finding that Hagar was only assisting Crump in the alleged investigation. However, Miller fails to show how this relevant in proving his retaliation claim against Defendant Crump. Likewise, this objection is overruled.

Despite these ancillary objections, the Court nonetheless finds Miller fails to sufficiently plead discriminatory animus or disparate impact, and instead provides various conclusory statements. First, Miller alleges there is a policy within the Georgetown Police Department "of taking care of Georgetown's women," but does not elaborate on what this policy is or how it shows discriminatory practices on the part of Officer Crump.

Next, Miller alleges that Officer Crump "falsifi[ed] his police report and Affidavit for Search Warrant, falsely alleging that Miller had been representing himself as a 'formal' Federal agent when he solicited the help of ATF Special Agent Hager." [R. 91 at 34-35.] Just because Mr. Miller may not agree with the conclusions reached by Officer Crump during his investigation, does not by itself amount to discriminatory practices. Next, Miller alleges that "Crump dropped a drug investigation of a female tenant to pursue Miller," but provides no evidence that the investigation was dropped *specifically to pursue Miller*. [R. 91 at 40.]

Finally, Miller avers that "Crump assisted the female manager of Alco Management, Inc. and the two female tenants in their efforts to remove Miller from the property," but does not explain how Officer Crump responding to a complaint filed against Miller evinces discriminatory

11

animus.  [R. 91 at 40.]  At bottom, Mr. Miller's claim against Officer Crump is premised on numerous conclusory statements, none of which are supported by proof of discriminatory animus or proof of disparate impact.  Accordingly, Mr. Miller's objections are overruled.

## 5

With respect to Count VI, fraud by omission, Miller argues that "Alco Management, Inc., was representing, but not disclosing, that a fictitious and nonexistent legal entity was the principal."  [R. 77-2 at 46.]  Miller argues that had he "known that there existed no actual principal, he would not have executed the contract." *Id.*

Under Kentucky law, "[t]o prevail on a claim of fraud by omission, or fraud based on failure to disclose a material fact, a plaintiff must prove: a) that the defendants had a duty to disclose that fact; b) that defendants failed to disclose that fact; c) that the defendants' failure to disclose the material fact induced the plaintiff to act; and d) that the plaintiff suffered actual damages." *Rivermont Inn, Inc. v. Bass Hotels & Resorts, Inc.*, 113 S.W.3d 636, 641 (Ky. Ct. App. 2003) (citing *Smith v. GMC*, 979 S.W.2d 127, 129 (Ky. Ct. App. 1998)).  Judge Stinnett ultimately found that Miller fails to prove the requisite elements of fraud by omission.  [R. 88 at 31.]

Miller objects to this finding on two grounds.  First, Miller "objects to [Judge] Stinnett's finding that Miller would have entered into the contract regardless of who the true principal was."  [R. 91 at 41.]  Second, Miller "objects to [Judge] Stinnett's finding that Miller has not pled that Management owed him a duty to disclose or that their failure was a material fact." *Id.* The Court takes each objection in turn.

First, Miller argues that Judge Stinnett's conclusion that Miller would have entered into the contract regardless is a "pure unfounded speculation."  [R. 91 at 41.]  Again, at the Motion to Dismiss stage, the Court is confined to the face of the Complaint.  *See Waskul*, 979 F.3d at 440.  In his Complaint, Miller only states "he would not have executed the contract," but simply

12

stating this assertion without more is conclusory. Likewise, the Court agrees with Judge Stinnett's assessment that independent of Miller's one statement that he would not have executed the contract had he known, the facts of the Third Amended Complaint indicate otherwise. In fact, Miller states "[g]iven Alco Management's representations about their smoking policy, *upon which Miller was relying in his decision to move into Alco Management*," Miller went ahead and signed the lease. [R. 77-2 at 9 (emphasis added).] Nowhere in the Complaint does Miller allege that one of his considerations was the identity of the principal to the contract.

Moreover, Miller has not proved the principal issue is a material fact. Despite Miller's claim that "[i]t is unquestionable that Management's failure to disclose is material," the Court is not convinced. [R. 91 at 42.] The facts as pled in his Third Amended Complaint indicate that the material fact dictating whether Miller entered into the lease was the property's smoking policy, as discussed above. Thus, the only reasonable inference the Court can make based on Miller's Complaint, is that the principal issue was not material to his decision to enter into the lease. Because the Court has determined the principal issue was not a material fact, there is no need to reach whether Alco Management had a duty to disclose. Mr. Miller's objections to Count VI are overruled.

**6**

With respect to Count VII, which alleges breach of the implied covenant of good faith and fair dealing, Judge Stinnett found that "Miller has not plausibly pled that any Alco Defendants breached the implied covenant of good faith and fair dealing." [R. 88 at 32.] Miller objects to this finding on two grounds. First, "Miller objects to [Judge] Stinnett's finding that he failed to complete the recertification paperwork." Despite Miller's claims that this finding is a "logical fallacy," Miller *did* admit that he failed to complete the recertification paperwork in his

13

Third Amended Complaint. [See R. 77-2 at 17-18.] Thus, this objection is overruled.

Second, "Miller objects to [Judge] Stinnett's finding that his lease was terminated for failure to complete recertification paperwork" and "that he did not plausibly plead termination was in bad faith, arbitrary, or capricious." [R. 91 at 43.] The Court agrees with Judge Stinnett's finding, and Miller offers no evidence to the contrary. Miller's lease was, in fact, terminated because he did not follow the conditions of the Lease Agreement, namely by failing to complete the recertification paperwork. Besides his conclusory statement that the Defendants "falsified its contract with Miller," Miller's Third Amended Complaint offers no other support for his claim that his lease was terminated in bad faith or otherwise. [R. 77-2 at 48.] This objection is likewise overruled.

7

With respect to Count IX, the tortious interference claim, Mr. Miller generally "objects to [Judge] Stinnett's finding that Miller has not plausibly alleged breach of contract." [R. 91 at 43.] This objection is too general, failing to specify specific portions of Judge Stinnett's Report and Recommendation Mr. Miller takes issue with. See *Robert*, 507 F.3d at 994. Accordingly, Mr. Miller's objection is overruled.

Mr. Miller also objects to Judge Stinnett's finding that "Miller implicitly admitted that he failed to complete recertification paperwork as required." [R. 91 at 43.] Again, the Court overrules this objection, finding that Miller did admit to failing to complete the recertification paperwork. [*See* R. 77-2 at 17-18.] As such, this objection is likewise overruled.

D

Judge Stinnett also found Miller's Motion to Strike and Miller's Motion for Hearing should both be denied. [R. 88 at 35.] Miller mistakenly references a prior-resolved Motion to

Strike [R. 63] but does not address the pending Motion to Strike [R. 42.] Regardless, the Court has independently reviewed the pending Motion to Strike. Further, Miller objects to Judge Stinnett's denial of his Motion for Hearing. [R. 91 at 44.] This Court agrees that both Motions should be denied.

With respect to Miller's Motion to Strike [R. 42], he contends that the Defendants improperly attempted to circumvent the page limit by filing a memorandum which incorporated by reference the prior "statement of the case" section of their prior Motion to Dismiss in support of their current Motion to Dismiss. Judge Stinnett found that "[i]corporating only the statement of the case section only would keep the motion within the 25-page limit set by Local Rules." [R. 88 at 35.] This Court agrees and finds the Motion to Strike should be denied.

With respect to Miller's Motion for Hearing [R. 41; R. 42], Mr. Miller questions whether Judge Stinnett "has thoroughly reviewed the pleadings and all of the conventionally filed videos, audio recordings, and documents and has a thorough understanding of Miller's claims." [R. 91 at 44.] Unfortunately for Mr. Miller, this Court finds that the Report and Recommendation has demonstrated an intricate understanding of the deluged record in this case. The discretion to hold a hearing rests squarely with the Court, and the Court sees no reason to conduct a hearing at this juncture. LR 7.1(f). As such, Miller's objection is overruled.

### E

Finally, Judge Stinnett found that the Defendants' Motions to Dismiss should be granted. [R. 29; R.30.] In his objection, Miller only addresses his opposing counsel's prior work experience, pontificating on perceived biases within our legal system. However, in doing so, Mr. Miller fails to substantively object to the Defendants' Motion to Dismiss. [R. 91 at 44-45.] Judge Stinnett addresses the merits of the Motions to Dismiss, noting that "all of the claims

15

asserted in the First Amended Complaint are substantively identical to claims [sic] asserted in the proposed Third Amended Complaint." [R. 88 at 36.] As such, and based on the reasoning in Section C, the Court dismisses the following counts of the First Amended Complaint:

> Count I (mirroring Count I of Third Amended Complaint), Count II (mirroring Count II of Third Amended Complaint), Count IV (mirroring Count III of Third Amended Complaint), Count VI (mirroring Count IV of Third Amended Complaint), Count VII (mirroring Count V of Third Amended Complaint), Count VIII (mirroring Count VII of Third Amended Complaint), and Count X (mirroring Count IX of Third Amended Complaint).

[R. 88 at 36-37.]

Although not addressed in Section C, Judge Stinnett also recommends that Count IX of the First Amended Complaint be dismissed. [R. 88 at 37.] In Miller's Motion for Leave to File Second Amended Complaint [R. 65], Miller acknowledged that he "believes it futile to pursue any claims against the City due to lapse in time." [R. 65 at 8]. Accordingly, Count IX is also dismissed. There are no more remaining claims, and the Court grants the Motions to Dismiss [R. 29; R. 30] in full. The First Amended Complaint is dismissed.

## III

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. Magistrate Judge Stinnet's Recommended Disposition [**R. 88**] is **ADOPTED** by and for the Opinion of the Court;

2. Miller's Motion for Leave to File Second Amended Complaint **[R. 65]** be **DENIED AS MOOT**, as superseded by Miller's Motion for Leave to File Third Amended Complaint **[R. 77]**;

3. Miller's Motion for Leave to File Sur-Reply **[R. 75]** be **DENIED AS MOOT**;

16

4. Miller's Motion for Leave to File Supplemental Complaint to First Amended Complaint **[R. 87]** be **DENIED AS MOOT**, as superseded by Miller's Motion for Leave to File Third Amended Complaint **[R. 77]**;

5. Miller's Motion for Leave to File Third Amended Complaint **[R. 77]** be **DENIED AS FUTILE**;

6. Miller's Motion for Hearing **[R. 41; R. 42]** be **DENIED**;

7. Miller's Motion to Strike **[R. 42]** be **DENIED**;

8. Alco Defendants' Motion to Dismiss **[R. 29]** be **GRANTED**;

9. Georgetown Defendants' Motion to Dismiss **[R. 30]** be **GRANTED**; and

10. **JUDGMENT** in favor of the Defendants will be entered contemporaneously herewith.

This the 25th day of March 2024.

Gregory F. Van Tatenhove
United States District Judge